UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **LEONARDO SANTOS** | ) | Case Number |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **CIVIL COMPLAINT** |
| vs. | ) | |
| | ) | |
| **NCO FINANCIAL SYSTEMS, INC.** | ) | **JURY TRIAL DEMANDED** |
| **AND** | ) | |
| **AMERICAN EXPRESS COMPANY** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Leonardo Santos, by and through his undersigned

counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire complaining of

Defendant and respectfully avers as follows:

### I.       INTRODUCTORY STATEMENT

1.       Plaintiff, Leonardo Santos (hereinafter "Plaintiff"), is an adult natural

person and brings this action for actual and statutory damages and other relief against

Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et

seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and

unfair practices.

### II.       JURISDICTION

2.       Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C.

§1337.

3.      Venue in this District is proper in that the Defendant has a principal place of business located in this District.

### III.   PARTIES

4.      Plaintiff, Leonardo Santos, is an adult natural person residing at 6810 SW 45th Lane, Apartment 1, Miami, FL 33155.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, NCO Financial Systems, Inc. ("NCO") at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of Florida and the Commonwealth of Pennsylvania and has a principal place of business located at 507 Prudential Road, Horsham, PA 19044.

6.      Defendant, American Express Company ("AmEx") at all times relevant hereto, is and was a global financial services company engaged in the business of providing credit card services within the State of Florida and the State of New York and has a principal place of business located in the World Financial Center at 200 Vesey Street, New York, NY 10285.

7.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.   FACTUAL ALLEGATIONS

8.      Plaintiff retained a law firm to assist him in resolving personal financial issues.

9.      On or around September 14, 2010, Plaintiff, along with the aid of his attorney, entered into a settlement agreement with Defendant, NCO to pay the alleged debt owed to Defendant, AmEx.

10.      On or around September 17, 2010, Plaintiff received a letter from Defendant, NCO stating that pursuant to the agreement made between Plaintiff and Defendant, NCO, Plaintiff can settle the alleged account for $4,066.00.  **See Exhibit "A" attached hereto.**

11.      Defendant, NCO's aforementioned letter stated that the alleged account was to be paid in ten payments of the following, two payments of $125.00 due by September 28 and October 28 and eight payments of $477.00 due by the 28th of each month consecutively until June 28, 2011 when the balance would be satisfied.

12.      Defendant, NCO's letter also stated that upon clearance of said funds, Defendant, AmEx would be notified that the alleged account settled and paid in full.

13.      Plaintiff followed the settlement plan and made timely payments through Plaintiff's attorney.

14.      Defendant, NCO accepted all of Plaintiff's monthly payments until February, 2011.

15.      In March 2011, Defendant, NCO returned Plaintiff's payment of $477.00 and sent a letter to Plaintiff's attorney dated March 2, 2011, stating that Defendant, NCO was unable to identify the correct account to which the Plaintiff's check should be applied. **See Exhibit "B" attached hereto.**

16.     On or around March 24, 2011, Plaintiff's attorney contacted Defendant, AmEx and was informed by an employee of Defendant, AmEx that Plaintiff's account had been recalled.

17.     Defendant, NCO had accepted all of Plaintiff's payments as agreed upon until February, 2011 without prior notice given to Plaintiff or Plaintiff's attorney.

18.     In or around late March, 2011, Defendant, AmEx began directly contacting Plaintiff claiming that Defendant, AmEx periodically removes accounts from one collector and send to another.

19.     Defendant, AmEx continues to contact Plaintiff in an attempt to set up payment arrangements directly with Plaintiff.

20.     Defendant, AmEx stated that they will only accept payments from Plaintiff directly and will not accept payments through a third party.

21.     The account should not have been recalled and sent back to Defendant, AmEx since both the Defendant, NCO and Plaintiff's attorney agreed on settlement terms and Plaintiff complied to said terms.

22.     Plaintiff never missed a payment due to Defendant, NCO nor had Plaintiff ever been late in making a payment to Defendant, NCO.

23.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

24.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

25.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA
### Plaintiff v. NCO Financial Systems, Inc.

26.     The above paragraphs are hereby incorporated herein by reference.

27.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

28.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692c(a)(2): After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive

§ 1692d:     Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692d(5):  Caused the phone to ring or engaged any person in telephone conversations repeatedly

§ 1692e:     Any other false, deceptive, or misleading representation or means in connection with the debt collection

§ 1692e(10):   Any false representation or deceptive means to collect a debt

or obtain information about a consumer

§ 1692f:   Any unfair or unconscionable means to collect or attempt to

collect the alleged debt

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his

favor and against NCO Financial Systems, Inc. for the following:

a.   Actual damages;

d.   Statutory damages pursuant to 15 U.S.C. §1692k;

c.   Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k;

and

d.   Such addition and further relief as may be appropriate or that the interests of

justice require.

## COUNT II

## FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA)

### Plaintiff v. NCO Financial Systems, Inc.

37.   Plaintiff incorporates by reference all of the above paragraphs of this complaint as

though fully stated in this complaint.

38.   Defendant's actions constitute numerous and multiple violations of the Florida

Civil Code §§559.72 et seq. as alleged above including but not limited to, violations of:

§§559.72(18): Communicate with a debtor if the person knows that the

debtor is represented by an attorney with respect to such debt and has

knowledge of, or can readily ascertain such attorney's name and

address, unless the debtor's attorney fails to respond within a

reasonable period of time to a communication from the person,

unless the debtor's attorney consents to a direct communication

with the debtor, or unless the debtor initiates the communication;

39.     As a result of the above-described violations of the FCCPA, Plaintiff has suffered

out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendant, NCO Financial Systems, Inc., for the following:

a.      An award of actual damages;

b.      The maximum amount of statutory damages provided under FL Civil Code;

c.      For an award of costs of litigation and reasonable attorneys' fees pursuant

to FL Civil Code;

d.      Such other or further relief as the Court deems just and proper.

## COUNT III- BREACH OF CONTRACT

**Plaintiff v. NCO Financial Systems, Inc. and**

**American Express Company**

33.     The above paragraphs are hereby incorporated herein by reference.

34.     The facts set forth herein establish that there was a contractual relationship

between the parties, whereby the Defendant promised to Plaintiff the opportunity to

participate in an agreed upon settlement.  Plaintiff accepted the invitation that was offered

and agreed to participate in the settlement.

35.     Plaintiff fulfilled his contractual obligation by making timely payments.

36.     Defendants NCO and AmEx have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the

Defendants, NCO Financial Systems and American Express Company for the following:

a.    Actual damages;

b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

c.    Such additional and further relief as may be appropriate or that the

interests of justice require.

## V.    JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

**Date:  April 28, 2011**          **BY:** */s/Bruce K. Warren BKW4066*
Bruce K. Warren, Esquire

**BY:** */s/Brent F. Vullings BFV8435*
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Suite 333
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff